Gaston, J.
 

 The office of constable is limited in its duration to one year. At the end of that time the office expires. If the former officer be then re-elected, he does not continue in office, but receives a new office. No -analogy exists between bonds taken from' one so re-appointed on the occasion of each election, and bonds which for greater caution the law sometimes requires to be given from time to time in the case of a continuing office, such as that of an executor or guardian. In the latter case, all the bonds are cumulative, being given to secure the performance of the same duty. But in the former they are altogether distinct, each to secure the performance of the special duties therein stated.
 

 In the case before us, the sureties in the bond of March,' 1841, stipulated for the faithful performance by their principal of the duties oí the office then conferred, and for his diligence in endeavoring to collect, and his punctuality in paying over what might be collected on claims that should be put in his hands for collection. But the moneys, the non1 payment whereof gives rise to this suit, were either collected
 
 by virtue
 
 of his antecedent office of constable, or upon claims put into his hands for collection, and satisfied before he received the second office. In the former supposition, the non payment is a violation of the duty, which that former office imposed ; and in the latter, it is a failure to
 
 comply
 
 with the stipulation in the bond, when that office was conferred. The sureties for the bond then given, are therefore liable, but not the sureties in the bond of 1841.
 

 The judgmentof the Superior Court is affirmed with costs.
 

 Per Curiam. Judgment affirmed.